GOSHORN, J.
Putnam County Environmental Council, Inc. (PCEC) seeks certiorari review of an order of the circuit court dismissing PCEC’s petition for writ of certiorari, which petition sought review of an order of the Putnam County Commission (County Commission) approving a special exception. We grant the petition for certiorari and quash the dismissal order.
The County Commission approved a decision of the Zoning Board granting an application for a special exception allowing the Putnam County School Board (School Board) to construct a school on a site owned by Roberts Land and Timber Company of Palatka (Landowner). PCEC sought certiorari review of the County Commission’s decision in the circuit court. The circuit court ordered the respondents — County Commissioners, School Board, and Landowner — to respond to the petition. The School Board and Landowner filed a motion to dismiss asserting that PCEC failed to include in the appendix to its petition portions of the record necessary for review of the actions of the County Commission. Specifically, these respondents objected to PCEC’s failure to attach the transcript of the pertinent zoning board meeting. In a memorandum in opposition to the motion to dismiss, PCEC asserted that the record attached in the appendix to the petition was adequate to the determination of the issues presented.
The trial court held a hearing on the motion to dismiss, during which the transcript issue, PCEC’s standing, and the merits of the petition were discussed. PCEC objected to the consideration of any issues outside those raised in the motion to dismiss, but this objection was overruled. The trial court entered an order dismissing the petition for writ of certiorari on the basis that PCEC did not have standing to challenge the special exception grant.
PCEC moved for rehearing asserting that the standing issue was not pled and PCEC had no notice or opportunity to be heard on that issue. The court, on rehear *688 ing, vacated its previous dismissal order and entered a new order dismissing the petition. The court found that: 1) the decision of the County Commission was based on competent, substantial evidence; 2) the constitutional issue would not be determined because neither the state attorney nor the attorney general was provided timely notice of the claim; 3) PCEC lacked standing to raise these issues and the issues of deficiencies in the site plan; and 4) the deliberations of the County Commission do not rise to the level to confer “enlarged standing on PCEC.” PCEC contends the circuit court incorrectly applied the law and violated PCEC’s due process rights by dismissing the petition on grounds beyond those raised in the motion to dismiss and ruling on the merits of the petition in dismissing the petition.
We grant the petition for writ of certiorari. The basis of the motion to dismiss was the insufficiency of the appendix to the petition for the writ of certiorari. The court never ruled on that issue, but instead made findings of fact and ultimately dismissed the petition on grounds not raised in the motion. PCEC had no notice or opportunity to fully argue these issues. It is a fundamental requirement of law and due process that a party be given adequate notice and an opportunity to be heard. The order granting dismissal after rehearing is quashed.
PETITION FOR WRIT OF CERTIO-RARI GRANTED; ORDER QUASHED.
W. SHARP and GRIFFIN, JJ„ concur.